UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Crim. No. 3:20-cr-00058-KAD |
|  | ) |
| -v- | ) |
|  | ) |
| JOSHUA GILBERT | ) October 28, 2022 |

## RENEWED MOTION TO COMPEL PRODUCTION AND DISCLOSURE

Defendant Joshua Gilbert respectfully moves the Court to order the Government to produce the recorded and/or written statements that co-defendant Ziare Dedrick gave to the Bridgeport Police Department on or about December 10, 2019. The undersigned has previously sought this relief from the Court, in his motion to compel dated February 18, 2022 (Doc. 380). That motion was recently denied by the Court without prejudice to renewal, should the Government decline to produce the requested items after consideration of the additional information that the undersigned referenced at the Zoom hearing in this matter on September 15, 2022. The undersigned has received no response from the Government on the substance of the renewed request despite numerous efforts to elicit same, beginning in July 2022, and continuing through October 28, 2022. Accordingly, for the reasons set forth below and in the briefing on the previous motion, and based upon the additional evidence submitted herewith (the relevant portions of the May 24, 2021 affidavit of Special Agent Robert Smart, Exhibit 1 hereto, which is submitted separately as a sealed exhibit), Mr Gilbert renews his motion to compel production of the recorded and/or written statements of co-defendant Ziare Dedrick to the Bridgeport Police Department on or about December 10, 2019.

1

In the relevant part of the Agent Smart affidavit, Ex. 1, Agent Smart describes the Dedrick statement. Agent Smart states that Dedrick spoke regarding the two shootings that night by ONE members during their travels into rival gang territory in the Lexus that night – the first at PT Barnum project and the second on Newfield Ave (in which Ty'Quess Moore was killed). Smart stated that Dedrick, in regard to the fatal shooting, "explained that others in the vehicle had wanted to do 'extra shit,' that is, I believe, another shooting in addition to the shooting the group had done in PT Barnum minutes before." Ex. 1, Agent Smart Aff. Paragraph 26, USAO003379. Based on Agent Smart's summary, Dedrick's statement therefore lends support to the notion that the idea of going to kill Moore had been discussed and agreed by the conspirators in that vehicle shortly before that murder.

Because Dedrick indicated that the plan to kill Moore came about through the desire of others in the car "to do 'extra shit,'" in addition to the shooting at PT Barnum, the statement will clearly assist with Mr. Gilbert's defense and is exculpatory. The primary – if not sole – body of evidence referenced in the Third Superseding Indictment that purports to link Gilbert to the Moore murder is the set of text chats from earlier in the day involving Gilbert and others supposedly constituting planning for the murder or agreement to commit it. *See* ECF 181, Third Super. Indict., paragraph 14(n). The Dedrick statement tends to invalidate that claim because, based on the Agent Smart Affidavit, Dedrick stated that the plan to commit that murder came about later, in the car in which Warren and Dedrick and perhaps others, were riding. Because the Dedrick statement tends to negate the implication intended by that key paragraph of the Third Superseding Indictment, it needs to be produced to Mr. Gilbert's defense team.

2

This would be so, even if Dedrick *had* identified Mr. Gilbert as an occupant of that Lexus at that time – which he did not (according to the Smart Affidavit, Dedrick "*told police that four people had been in the car*, suggested that Warren and [Gilbert] (both ONE members) were two of them, *but declined to be more specific*." (Ex. 1, Paragraph 26, Emphasis added.))  Had he said this, based on the fact that he described the plan as hatching during the ride to the scene of the shooting, the statement would still tend to negate the assertion of the Third Super. Indict., paragraph 14(n), that the text discussions earlier in the day were the genesis of the plan.  Because the evidence would tend to negate that crucial paragraph of the indictment, the statement would still have to be produced.

Moreover, the status of the Dedrick statement as exculpatory evidence is made all the stronger by the evidence tending to indicate that Gilbert was *not* in that Lexus at the relevant time.  Such evidence is present not only in Dedrick's refusal to explicitly identify Gilbert as one of the car's occupants, *see id.,* but also, by absence, in all the forensic evidence regarding the Lexus.  As far as the Gilbert defense team can discern, although many other members of ONE have been tied to that car through forensic techniques, there is no such tie between Gilbert and the car.  *See,* for example, Ex. 1, Agent Smart's recitation in paragraphs 25-27 (listing phones of others connected to the Lexus' blue tooth system, but not Gilbert's; describing videos of others in the Lexus in the days before the shooting, but not Gilbert; and discovery of the Lexus key in the presence/possession of Mr. Dedrick and Mr. Warren, but not Gilbert).  Thus, Dedrick's suggestion that the plan to effect the "extra shit" came in that car tends to sever from the commission and planning for that murder one who, like Gilbert, can marshal evidence that he was not there.  The evidence is therefore clearly exculpatory.

3

Timely production of these items is necessary for time-sensitive aspects of preparing Mr. Gilbert's defense. Because the Government has not responded for over three months to the renewed request for production based on Agent Smart's description of the Dedrick statement, adjudication by this Court is necessary.

WHEREFORE Defendant Joshua Gilbert respectfully requests that the Court order the Government to produce the foregoing items and information forthwith.

        Respectfully submitted,
        THE DEFENDANT,
        JOSHUA GILBERT

        By:   /s/ James R. Smart
          James R. Smart (ct20982)
          McElroy, Deutsch, Mulvaney & Carpenter, LLP
          30 Jelliff Lane
          Southport, CT 06890
          Phone: (203) 319-4000
          Fax:   (203) 259-0251
          jsmart@mdmc-law.com

## CERTIFICATE OF SERVICE

I, James R. Smart, certify that on the 28th day of October, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's CM/ECF system.

/s/ *James R. Smart*
James R. Smart

JRS/G1060/1001/1864931v1
10/28/22-HRT/JRS